**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RYAN B. MERHOLZ and NICHOLAS JIMENEZ, derivatively on behalf of WORLD WRESTLING ENTERTAINMENT, INC., | : | CASE NO. 3:21-cv-789 |
| Plaintiffs, | : | |
| v. | : | |
| VINCENT K. MCMAHON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK, III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, GEORGE A. BARRIOS, and MICHELLE D. WILSON, | : | |
| Defendants, | : | |
| WORLD WRESTLING ENTERTAINMENT, INC., | : | |
| Nominal Defendant. | : | JUNE 9, 2020 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and 15 U.S.C. § 78aa(a), Nominal Defendant World Wrestling Entertainment, Inc. ("WWE") and Defendants Vincent K. McMahon, Stephanie McMahon, Paul Levesque, Frank A. Riddick, III, Stuart U. Goldfarb, Laureen Ong, Robyn W. Peterson, Man Jit Singh, Jeffrey R. Speed, Alan M. Wexler, George A. Barrios, and Michelle D. Wilson (collectively, "Defendants") hereby remove the above-identified civil action (the "Action") that was filed in the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford (the "State Court"). [1]

[1] Defendants file this Notice of Removal without waiving any right, defense, affirmative defense, or motion, including as to whether Plaintiffs are entitled to any relief or damages described in the Complaint or to pursue this matter on behalf of the Nominal Defendant.

1. Plaintiffs Ryan B. Merholz ("Merholz") and Nicholas Jimenez ("Jimenez") (collectively, "Plaintiffs") filed this shareholder derivative action against Defendants in State Court in a transparent and improper attempt to circumvent this Court's jurisdiction. This Court currently has jurisdiction over three nearly identical shareholder derivative lawsuits against Defendants—including an action previously filed in federal court by Plaintiff Merholz. This Court has dismissed all three of those lawsuits without prejudice and has reserved decision on whether to dismiss them with prejudice until it resolves pending motions to intervene filed by another shareholder. Before this Court could render its decision, however, Plaintiffs improperly filed this new Action in State Court in a blatant attempt to multiply the proceedings, evade this Court's jurisdiction, and avoid the possibility of a dismissal of their claims with prejudice.

2. Removal of this Action is proper because this Court has original jurisdiction over the Action under 28 U.S.C. § 1441(a) since it necessarily raises a substantial and disputed federal question under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa(a). Removal is also proper because this Court has supplemental jurisdiction over this Action under 28 U.S.C. § 1367.

**BACKGROUND**

3. This Action is the fourth purported shareholder derivative lawsuit brought against Defendants based on substantially identical allegations. The other three shareholder derivative lawsuits were either filed in or removed to this Court and are currently pending before the Honorable Victor Bolden (the "Shareholder Derivative Lawsuits"). Each of the Shareholder Derivative Lawsuits is based on allegations made in a consolidated federal securities class action lawsuit pending in the Southern District of New York (the "Federal Securities Lawsuit").

4. Plaintiffs filed this Action in State Court on May 13, 2021 and served a copy of the Summons and Complaint on May 18, 2021. The Complaint purports to allege three counts—

breach of fiduciary duty, waste of corporate assets, and unjust enrichment—against Defendants, who are all current or former directors or officers of WWE. The Complaint alleges that Defendants violated the federal securities laws by disseminating false and misleading statements to investors in filings with the Securities and Exchange Commission ("SEC") and other public disclosures relating to business dealings between WWE and Saudi Arabia. (Compl. ¶¶ 97-150, 160-169, 170-176, 194, 198). The Complaint further alleges that WWE was damaged by Defendants' conduct because WWE's stock price declined and WWE had to incur the costs of defending the resulting lawsuits. (*Id.* ¶¶ 128, 141, 168 176, 196, 199.)

5. The Complaint asserts allegations and claims that are substantially identical to those in the previously filed Federal Securities Lawsuit and Shareholder Derivative Lawsuits—including the pending federal lawsuit filed by Plaintiff Merholz.

**I. The Federal Securities Lawsuit**

6. The Federal Securities Lawsuit alleged that WWE and three of its senior executives—who are also named as Defendants in this Action—violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5. *See City of Warren Police & Fire Ret. Sys. v. World Wrestling Entm't., Inc., et al.*, Case No. 20-cv-02031-JSR (S.D.N.Y.). In November 2020, the parties reached a settlement of the Federal Securities Lawsuit. The Court conditionally approved the settlement on March 7, 2021 and has scheduled a hearing to consider final approval of the settlement for June 15, 2021.

**II. The Shareholder Derivative Lawsuits**

7. On April 24, 2020, Plaintiff Merholz and another purported shareholder named Melvyn Klein filed a shareholder derivative lawsuit in this Court against the same Defendants named in this Action, which was assigned to Judge Bolden. *See Merholz et al. v. McMahon, et*

*al.*, No. 3:20-cv-00557-VAB (D. Conn.) ("*Merholz I*"). The plaintiffs in *Merholz I* filed an amended complaint on June 19, 2020 and a second amended complaint on July 28, 2020. Based on substantially similar allegations, the *Merholz I* complaint asserted the same three claims alleged in this case—breach of fiduciary duty, waste of corporate assets, and unjust enrichment—as well as violations of the Exchange Act.

8. On May 7, 2020, plaintiff Daniel Kooi filed a shareholder derivative lawsuit in Connecticut state court against the same Defendants named in this Action and one additional defendant. Defendants removed that action to this Court on June 1, 2020, and it was subsequently transferred to Judge Bolden as a related case. *See Kooi v. McMahon, et al.*, No 3:20-CV-00743-VAB ("*Kooi*"). Although Kooi initially moved to remand the action, he subsequently withdrew that motion, and the Court has since denied it as moot. On July 3, 2020, Kooi filed an amended complaint. Based on substantially similar allegations, Kooi asserted two of the same claims alleged in this case—breach of fiduciary duty and unjust enrichment.

9. On June 2, 2020, plaintiff Rodney Nordstrom filed a shareholder derivative lawsuit in Connecticut state court against the same Defendants named in this Action and one additional defendant. Defendants removed that action to this Court on July 1, 2020, and it was also subsequently transferred to Judge Bolden as a related case. *See Nordstrom et al. v. McMahon et al.*, No. 20-cv-904-VAB (D. Conn.) ("*Nordstrom*"). Although Nordstrom initially moved to remand the action, he subsequently withdrew that motion, and the Court has since denied it as moot. On August 14, 2020, Nordstrom filed an amended complaint. Based on substantially similar allegations, Nordstrom asserted the same three claims alleged in this case—breach of fiduciary duty, waste of corporate assets, and unjust enrichment.

10. On August 28, 2020, Defendants moved to dismiss all of the claims in the Shareholder Derivative Lawsuits. On November 6, 2020, Judge Bolden granted Defendants' motion to dismiss the Shareholder Derivative Lawsuits without prejudice and reserved decision on whether to dismiss them with prejudice pending resolution of motions to intervene filed by another purported shareholder named Dennis Palkon ("Palkon"). *See Merholz v.* McMahon, Nos. 3:20-CV-00557-VAB, 3:20-CV-00743-VAB, 3:20-CV-00904-VAB, 2020 WL 6546007, at *13 (D. Conn. Nov. 6, 2020) ("All three lawsuits fail to satisfy the demand futility standard. The *Merholz* lawsuit additionally fails for lack of standing. Because of the pending motions to intervene filed by Dennis Palkon, the Court will await resolution of that motion and its underlying claims before deciding whether the dismissal of these three cases are with prejudice or conceivably can be remedied by seeking leave to file an amended pleading."). As of this date, the Court's decisions on Palkon's motions to intervene and whether to dismiss the pending Shareholder Derivative Lawsuits with prejudice remain pending.

11. On November 20, 2020, Plaintiff Merholz opposed Palkon's motion to intervene in *Merholz I* and requested this Court permit him to amend his complaint for a third time. (Case No. 3:20-cv-00557-VAB, ECF No. 90 at 7.) The Court has not yet ruled on Merholz's request. Although his federal action remains pending, Merholz has now filed this nearly identical action in State Court in an improper attempt to avoid this Court's jurisdiction and dismissal of his claims with prejudice. Plaintiffs' attempt to circumvent this Court's jurisdiction fails because this Action is properly removed.

## GROUNDS FOR REMOVAL

12. This Action is properly removed because (i) the Court has federal question jurisdiction over the Action under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa(a); and (ii) the Court has supplemental jurisdiction over the action under 15 U.S.C. § 78aa(a).

### I. Federal Question Jurisdiction

#### A. Standards for Federal Question Jurisdiction

13. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district" where the action is pending. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over any civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

14. The Supreme Court has held that federal question jurisdiction under 28 U.S.C. § 1331 applies when "a state law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue, Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

15. Federal courts "shall have exclusive jurisdiction of violations of [the Exchange Act] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by [the Exchange Act] or the rules and regulations thereunder." 15 U.S.C. § 78aa(a). The Supreme Court has held that federal jurisdiction extends to cases "arising under" the Exchange Act. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1567 (2016). Accordingly, courts may exercise federal question jurisdiction over cases "in which a state-law cause of action is 'brought to enforce' a duty created

by the Exchange Act because the claim's very success depends on giving effect to a federal requirement." *Id.* at 1570.

**B. This Action Necessarily Raises a Substantial and Disputed Federal Issue Over Which This Court May Exercise Jurisdiction**

16. Under the test set forth by the United States Supreme Court in *Grable*, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Each of these elements is present here.

**1. This Action Necessarily Raises Federal Issues**

17. This Action necessarily raises a federal issue because it is premised on allegations that Defendants violated the federal securities laws. *See NASDAQ OMX Group, Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1021-22 (2d Cir. 2014) (finding that action alleging state law contract and tort claims was removable because it "necessarily raises disputed issues of federal securities law"); *D'Alessio v. New York Stock Exch., Inc.*, 258 F.3d 93, 101–02 (2d Cir. 2001) ("[A]n examination of the allegations contained in the complaint establishes that [plaintiff's] suit is rooted in violations of federal law, which favors a finding that federal question jurisdiction exists.") (internal quotation marks and citation omitted).

18. The Complaint in this Action expressly relies on the allegations in the Federal Securities Lawsuit—including certain confidential witness statements that Plaintiffs here have not independently verified—that Defendants violated the federal securities laws as the basis for their claims in this action. (Compl. ¶¶ 150, 170-171, Ex. I.)

19. The Complaint alleges that Defendants disseminated "materially false and misleading statements" to investors in SEC filings and other public disclosures relating to their

business dealings between WWE and Saudi Arabia for the purpose of artificially inflating the price of WWE securities. (*Id.* ¶¶ 97-149; 160-64.) The Complaint alleges that certain Defendants committed "fraud and deceit on all persons and entities who purchased or otherwise acquired the Company's publicly traded securities" in violation of their duties under federal law "as senior officers and controlling persons of a publicly held company whose company stock was, during the relevant times, registered with the SEC pursuant to the Exchange Act and traded on the NYSE." (*Id.* ¶¶ 168-69, 173-74.) Plaintiffs' breach of fiduciary duty and corporate waste claims are based on their allegations that Defendants allowed "the Company to improperly misrepresent the Company's publicly reported business performance" in violation of federal securities law. (*Id.* ¶¶ 176, 194, 198.) Moreover, Plaintiffs' allegations of damages are based on the decline in WWE's stock price when the information allegedly omitted from its SEC filings and public statements was disclosed and the costs incurred by WWE in defending the Federal Securities Lawsuit. (*Id.* ¶¶ 119, 128, 132, 141, 168, 176, 196, 199.)

20. Plaintiff's claims are directly tied to and necessarily depend upon alleged violations of the federal securities laws, including Section 10(b) of the Exchange Act and SEC Rule 10b-5. *See* 15 U.S.C. § 78j(b); C.F.R. § 240.10b-5 (providing that it is unlawful, in connection with the purchase or sale of any security, to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading"). Accordingly, the Complaint necessarily raises a federal issue.

**2. The Federal Issues Are Disputed**

21. The allegations of the Complaint related to the federal securities laws are central to Plaintiffs' claims, and Defendants vigorously dispute them.

**3. The Federal Issues Are Substantial**

22. A federal question is "substantial" if it implicates "a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313. The substantiality inquiry under *Grable* looks "to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260.

23. There is a substantial federal interest in the regulation of securities markets and in addressing alleged violations of the securities laws. *See Merrill Lynch*, 547 U.S. at 78 ("The magnitude of the federal interest in protecting the integrity and efficient operation of the market for nationally traded securities cannot be overstated."); *D'Alessio*, 258 F.3d at 100 (stating that the "interpretation and application of the federal securities laws" and related statutory and regulatory requirements are "areas of undisputed strong federal interest"). Indeed, Congress has determined that compliance with the duties or obligations created under the federal securities laws and related liability for making false or misleading statements in connection with the purchase or sale of securities under the Exchange Act are important federal interests that should be vindicated exclusively in federal courts. *See* 15 U.S.C. § 78aa(a) (providing federal courts with "exclusive jurisdiction of violations of [Exchange Act] or the rules and regulations thereunder" and all actions "brought to enforce any liability or duty created by [Exchange Act] or the rules and regulations thereunder").

24. Moreover, the federal question in this case is substantial because it plays a central role in the resolution of Plaintiffs' state law claims. The claims asserted in the Complaint and Plaintiffs' alleged damages depend on whether Defendants made false and misleading statements in SEC filings and public disclosures—issues addressed by Section 10(b) and Rule 10b-5 of the Exchange Act. The federal question in this case is also substantial because the same question is

presented in the Federal Securities Lawsuit and in the other Shareholder Derivative Lawsuits currently pending before this Court.

**4. The Federal Forum May Entertain the Action**

25. This federal forum may entertain this Action without disturbing any congressionally-approved balance of federal and state judicial responsibilities.

26. Litigation of this Action in a federal forum is consistent with the congressionally approved division of labor between federal and state courts because Congress has expressly determined that claims of securities laws violations and actions brought to enforce any liability or duty created by the Exchange Act should be heard exclusively in federal court. *See* 15 U.S.C. § 78aa(a) (conferring exclusive jurisdiction over claims alleging violations of the Exchange Act on federal courts); *NASDAQ*, 770 F.3d at 1030 ("Far from threatening the federal-state balance envisioned by Congress in this area, the exercise of federal jurisdiction here comports with Congress's expressed preference for alleged violations of the Exchange Act, and of rules and regulations promulgated thereunder, to be litigated in a federal forum.").

27. Federal courts also routinely handle shareholder derivative actions—particularly where the claims relate to violations of the federal securities laws—such that removal of this case will not upset any balance of interests between federal and state courts. Indeed, the Shareholder Derivative Lawsuits—including the one previously filed by Plaintiff Merholz are all pending before this Court and address the same issues raised in this Action.

## II. Supplemental Jurisdiction

### A. Standards for Supplemental Jurisdiction

28. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to

claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

29. The Second Circuit has held that the existence of subject matter jurisdiction in one action can "provide supplemental jurisdiction over claims in a related action." *Actman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006). "[D]isputes are part of the 'same case or controversy' within § 1367 when they 'derive from a common nucleus of operative fact.'" *Id.* Disputes arise from a common nucleus of operative fact if "'the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court.'" *Id.* (ellipses omitted).

**B. This Court Has Supplemental Jurisdiction Over this Action**

30. This Court has supplemental jurisdiction over this Action under section 1367 because it is closely related to the other Shareholder Derivative Lawsuits—including the already pending federal lawsuit filed by Plaintiff Merholz—over which this Court unquestionably has subject matter jurisdiction and has exercised jurisdiction.

31. This Action and the other Shareholder Derivative Lawsuits share a "common nucleus of operative fact" because the facts underlying them substantially overlap. The plaintiffs in each case are purported WWE shareholders who seek to assert claims derivatively on behalf of the corporation. The individual defendants in each case are current or former WWE officers and/or directors. All four cases assert essentially the same claims against the same defendants based on the same factual allegations. Moreover, adjudication of all actions by the same Court would serve the interests of judicial economy and efficiency, conserve judicial resources, reduce the burdens on the parties and the witnesses, and avoid the risk of inconsistent results. Accordingly, the Court can exercise supplemental jurisdiction over this Action.

## PROCEDURAL COMPLIANCE

32. All procedural requirements for removal of this Action are satisfied.

33. Removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this district encompasses the State Court where the Action was filed.

34. Defendants have attached all process, pleadings, and orders served by Plaintiffs as Exhibit A and attached copies of all other papers filed in the State Court as Exhibit B.

35. Removal is timely under 28 U.S.C. § 1446(b)(1) because this Action was removed within 30 days after Defendants received of a copy of the Summons and Complaint on May 18, 2021.

36. This Notice of Removal is filed on behalf of all Defendants in this Action who consent to the removal of this Action.

37. Promptly after the filing of his Notice of Removal, Defendants will give written notice of this Notice of Removal to Plaintiffs and will file a copy of this Notice of Removal with the State Court pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, removal of this Action to this Court is proper and this case is hereby removed to this Court.

DEFENDANTS VINCENT K. MCMAHON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK, III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, GEORGE A. BARRIOS, MICHELLE D. WILSON, and NOMINAL DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.

By: */s/ Jeffrey P. Mueller*

Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

Theodore V. Wells *(pro hac vice forthcoming)*
Daniel J. Kramer *(pro hac vice forthcoming)*
Richard C. Tarlowe *(pro hac vice forthcoming)*
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Phone: (212) 373-3000
Fax: (212) 757-3990
Email: twells@paulweiss.com
Email: dkramer@paulweiss.com
Email: rtarlowe@paulweiss.com

Justin Anderson *(pro hac vice forthcoming)*
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Phone: (202) 223-7300
Email: janderson@paulweiss.com

Matthew D. Stachel (*pro hac vice forthcoming*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

500 Delaware Avenue, Suite 200
P.O. Box 32
Wilmington, DE 19899-0032
Telephone: (302) 655-4410
Fax: (302) 655-4420
Email: mstachel@paulweiss.com

Jerry S. McDevitt *(pro hac vice forthcoming)*
Curtis B. Krasik *(pro hac vice forthcoming)*
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 9, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jeffrey P. Mueller*
Jeffrey P. Mueller (ct27870)